**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:11CV156-RJC-DSC**

| | |
|---|---|
| MICHAEL POND, on Behalf of Himself and Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRIMARY CAPITAL ADVISORS, LC, )<br>)<br>Defendant. )<br>)<br>) | **ORDER** |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Quash Third-Party Subpoena to Envoy Mortgage" (document #27) and the parties' associated briefs and exhibits. See documents ## 28, 32, and 34.

Plaintiff filed this collective action on behalf of himself and other commissioned loan officers employed by Defendant Primary Capital Advisors LC ("PCA") who were allegedly denied minimum wage and overtime pay mandated by the Fair Labor Standards Act. 29 U.S.C. § 216(b).

On September 27, 2011, Defendant served a third-party subpoena, attached as an exhibit to "Notice of Service of Subpoena ..." (document #25), on Plaintiff's and opt-in Plaintiff Nick Mangus' current employer, Envoy Mortgage. The subpoena seeks information and documents regarding their current compensation, hours worked, and marketing efforts, including emails and calendars.

On October 10, 2011, Plaintiff moved to quash the subpoena.

The Court has carefully reviewed the record, arguments, and authorities and finds that the subpoena is not limited in scope and that the types of information requested are not reasonably

calculated to lead to the discovery of admissible evidence.  See  Barrington v. Mortage IT, Inc., 2007 WL 4370647 (S.D. Fla. Dec. 10, 2007); see, e.g., Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, at *1 (D. Conn. Sept.5, 2007) ("It is well settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26."); Stewart v. Mitchell Transport, 2002 WL 1558210, at *3 (D. Kan. July 8, 2002) (same);  9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 2459 (2d ed. 1995) (Rule 45 subpoena incorporates the provisions of Rules 26(b) and 34).

For these reasons, and the other reasons set forth in Plaintiff's briefs, the Court grants the Motion to Quash.

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Motion to Quash Third-Party Subpoena to Envoy Mortgage" (document #27) is **GRANTED** and the subpoena issued to Envoy Mortgage on September 27, 2011 and attached as an exhibit to "Notice of Service of Subpoena ..."  (document #25) is **QUASHED**.

2. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: November 14, 2011

David S. Cayer
United States Magistrate Judge