UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-156-RJC-DSC

| | |
|---|---|
| MICHAEL POND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRIMARY CAPITAL ADVISORS LC, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court upon the following documents:

1. Plaintiff Michael Pond's Motion for Conditional Collective Action Certification, (Doc. No. 19), filed on August 12, 2011;

2. Defendant Primary Capital Advisors LC's Motion to Dismiss and for other Sanctions, (Doc. No. 43), filed on November 22, 2011;

3. Pond's Motion for Hearing on PCA's Motion to Dismiss Under Rule 11, (Doc. No. 50), filed on December 9, 2011;

4. Plaintiffs Pond, Steven Todd Lawrence, William Smith, and Nicholas Mangus's Notice of Acceptance of Offer of Judgment and Motion for Partial Judgment, (Doc. No. 55), filed on January 23, 2012; and

5. Plaintiff Eric Pierce's Notice of Acceptance of Offer of Judgment and Motion for Final Judgment, (Doc. No. 57), filed on February 3, 2012.

I.  **BACKGROUND**

On December 23, 2011, Defendant Primary Capital Advisors LC ("Defendant") served Plaintiff Michael Pond ("Pond") and opt-in plaintiffs Steven Todd Lawrence ("Lawrence"), William Smith ("Smith"), and Nicholas Mangus ("Mangus") with an Offer of Judgment in accordance with Rule 68. (Doc. No. 55-1: Offer of Judgment). Pursuant to its Offer of Judgment, Defendant agreed to allow judgment against it and in favor of Pond, Lawrence, Smith and Mangus in the following amounts:

> Michael Pond: $35,000, less legally required deductions and withholdings;
>
> Nicholas Mangus: $27,000, less legally required deductions and withholdings;
>
> Steven Lawrence: $17,000, less legally required deductions and withholdings; and
>
> William Smith: $6,000, less legally required deductions and withholdings; plus
>
> reasonable attorneys' fees and costs through the date of this offer to be determined by the court in accordance with the law and interest in an amount required by law.

(Id.). Pond, Lawrence, Smith and Mangus accepted Defendant's Offer on December 30, 2011, (Doc. No. 55-2), and filed a Notice of Acceptance of Offer of Judgment and Motion for Partial Judgment, (Doc. No. 55), on January 23, 2012.

On December 30, 2011, Plaintiff Eric Pierce ("Pierce") filed his consent to join the litigation as a party plaintiff. (Doc. 54). On January 24, 2012, Defendant served Pierce with an Offer of Judgment in accordance with Rule 68. (Doc. No. 57-1: Offer of Judgment). Pursuant to the Offer of Judgment, Defendant agreed to allow judgment against it and in favor of Pierce in the following amount: "$9,200, less legally required deductions and withholdings, plus reasonable attorneys' fees and costs through the date of this offer to be determined by the court in accordance with the law and interest in an amount required by law." (Id. at 2). On February 2, 2012, Pierce accepted Defendant's Offer of Judgment, (Doc. No. 57-2), and filed a Notice of Acceptance of Offer of Judgment and Motion for Final Judgment, (Doc. No. 57), on February 3, 2012.

Pursuant to Rule 68, having all accepted Defendant's Offers of Judgment, (Doc. Nos. 55-1; 57-1), Plaintiffs request this Court to enter final judgment on their claims against Defendant in the amounts set forth above.

## II. DISCUSSION

Federal Rule of Civil Procedure 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Pursuant to Rule 68(a), Plaintiffs have accepted Defendant's Offers of Judgment, (Doc. Nos. 55; 57), and the Court, therefore, directs the Clerk to enter judgment in favor of Plaintiffs in the following amounts, less all legally required deductions and withholdings: Michael Pond: $35,000; Nicholas Mangus: $27,000; Steven Lawrence: $17,000; William Smith: $6,000; Eric Pierce: $9,200; plus reasonable attorneys' fees, costs, and applicable interest.

As the entry of final judgment signifies the termination of this action, the pending Motion for Conditional Collective Action Certification, (Doc. No. 19), Motion to Dismiss and for other Sanctions, (Doc. No. 43), and Motion for Hearing on PCA's Motion to Dismiss Under Rule 11, (Doc. No. 50), are now moot and are dismissed as such.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Pond's Motion for Conditional Collective Action Certification, (Doc. No. 19), is **DISMISSED as moot**;

2. Defendant's Motion to Dismiss and for other Sanctions, (Doc. No. 43), is **DISMISSED as moot**;

3. Pond's Motion for Hearing on Defendant's Motion to Dismiss Under Rule 11, (Doc. No. 50), is **DISMISSED as moot**;

4.  The Court hereby directs the Clerk to enter final judgment in favor of Plaintiffs in the following amounts, less all legally required deductions and withholdings: Michael Pond: $35,000; Nicholas Mangus: $27,000; Steven Lawrence: $17,000; William Smith: $6,000; Eric Pierce: $9,200; plus reasonable attorneys' fees, costs, and applicable interest; and

5.  Pursuant to Federal Rule of Civil Procedure 54(d), Plaintiffs are directed to file a motion for costs and attorneys' fees within fourteen (14) days of entry of this Order.

Signed: February 8, 2012

Robert J. Conrad, Jr.
Chief United States District Judge